Frank Jefferson SNYDER, Petitioner,

v.

Henry GRAYSON, Respondent.

Civ. A. No. 92–71538.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 29, 1994.

K. Davison Hunter, Michigan Dept. of Atty. Gen., Habeas Corpus Div., Lansing, MI, for Henry Grayson.

Frank Jefferson Snyder, pro se.

## MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

GADOLA, District Judge.

On June 23, 1994, the court entered an order adopting Magistrate Judge Pepe's March 14, 1994 Report and Recommendation and denying Frank Jefferson Snyder's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 13, 1994, petitioner filed a motion for reconsideration and/or for certificate of probable cause for appeal. In his motion, petitioner presented new arguments which had not previously been considered by the court. However, after having considered the new arguments and after a careful reexamination of the record, the court again determines that the petition for a writ of habeas corpus must be denied. Although the court reaches the same result as before, based upon the new arguments presented, the court must vacate its June 23, 1994 order, reject the magistrate judge's report and recommendation, and deny the habeas petition for the reasons stated below. On this basis, the court will deny petitioner's motion for reconsideration.

### I. Background

On May 27, 1976, petitioner was convicted of second degree murder by a jury in the Tuscola County Circuit Court for the shotgun slaying of Ronald Shorts. As a result of his conviction, petitioner was sentenced to life imprisonment by Circuit Judge Norman Baguley at a sentencing hearing held July 26, 1976.

In his petition for writ of habeas corpus filed on March 19, 1992, petitioner alleges that the sentencing judge improperly consid-ered his seventeen prior misdemeanor convictions in deciding upon a life sentence. Petitioner received these convictions between January 1969 and August 1975. He claims that he did not have an attorney during twelve of these prior convictions and that consideration of these convictions at sentencing violated his right to counsel as set forth in *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), and *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In addition, petitioner contends that the failure by his counsel to object to consideration of prior uncounseled convictions during the sentencing hearing and on appeal amounted to ineffective assistance of counsel in violation of the Sixth Amendment.

In January 1993, the court referred this matter to Magistrate Judge Steven Pepe for entry of any additional preliminary orders and for the preparation of a report and recommendation. On March 14, 1994, the magistrate judge issued his report and recommendation in which he found, *inter alia,* that the court's decision should be held in abeyance until the United States Supreme Court issued its ruling in the case of *United States v. Nichols,* 979 F.2d 402 (6th Cir.1992), *cert. granted,* —— U.S. ——, 114 S.Ct. 39, 125 L.Ed.2d 788 (1993). In *Nichols,* the Sixth Circuit held that a prior uncounseled misdemeanor conviction may be used to enhance a sentence imposed for a subsequent felony conviction. The magistrate judge reasoned that a decision by the district court should await the Supreme Court's guidance in this matter. Following the submission of objections by both parties, the court agreed with this recommendation, and it delayed further action on the instant petition pending the Supreme Court's decision.

On June 6, 1994, the Supreme Court affirmed the Sixth Circuit and found that an uncounseled misdemeanor conviction, otherwise valid under *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction. *Nichols v. United*

*States,* —— U.S. ——, ——, 114 S.Ct. 1921, 1928–29, 128 L.Ed.2d 745, 755 (1994). As a result of the Supreme Court's decision, this court entered an order on June 23, 1994 denying the petition for a writ of habeas corpus and adopting the magistrate judge's report and recommendation.

On July 13, 1994, petitioner filed a motion for reconsideration of the court's June 23, 1994 order. For the first time, petitioner brought information before the court indicating that he had been imprisoned for thirteen of his seventeen prior misdemeanor convictions. On this basis, petitioner claims that he is entitled to relief under *Nichols* and *Scott*. In support of his motion, petitioner attached a copy of his July 14, 1976 presentence investigation report authored by agents of the Michigan Department of Corrections. The report supports his claim that he served jail time for thirteen of his prior misdemeanor convictions. Additionally, based upon petitioner's own evidence and submissions, there is no question that for four of these thirteen convictions, petitioner was represented by appointed counsel. In the remaining nine instances, the parties are in dispute as to whether petitioner had counsel, waived his right to counsel, or was convicted and served time in jail without the assistance of an attorney.

As a result of petitioner's motion for reconsideration, the court ordered respondent to show cause why the motion should not be granted. Respondent then filed an answer to the show cause order in which he asserted that petitioner's motion was untimely.[1] On October 24, 1994, the court issued a second show cause order in which it found that petitioner's motion was not untimely under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan. Respondent subsequently filed an answer addressing the merits of the motion for reconsideration and petitioner filed a reply.

Petitioner contends that his right to counsel under the Sixth Amendment was violated when his sentencing judge considered prior uncounseled misdemeanors for which he served jail time in reaching a decision to sentence him to life imprisonment for a later felony conviction. In addition, petitioner claims that the failure by his counsel to raise this issue at the sentencing hearing and on appeal amounts to ineffective assistance of counsel.

Among other arguments, respondent contends that the evidence indicates that petitioner either had counsel at the time of his prior misdemeanor convictions or that he executed a waiver of his Sixth Amendment rights. Additionally, respondent argues that the petition should be dismissed under Rule 9(a) of the Rules Governing Section 2254 Cases because the state has been prejudiced by petitioner's unreasonable delay in filing for a writ of habeas corpus some sixteen years after his murder conviction became final.[2]

## II. Presence of Counsel

Federal courts apply a " 'strong presumption' of constitutional validity [to] state judicial proceedings." *United States v. Ferguson,* 935 F.2d 862, 867 (7th Cir.1991), *cert. denied,* 502 U.S. 1045, 112 S.Ct. 907, 116 L.Ed.2d 807 (1992). The presumption applies even in the absence of a transcript. *Id.* "The burden is upon the defendant to prove the invalidity and/or unconstitutionality of [a] prior conviction." *United States v. French,* 974 F.2d 687, 701 (6th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1012, 122 L.Ed.2d 160 (1993). "In the face of legal presumptions, ambiguities must be construed against the party carrying the burden of proof." *Cuppett v. Duckworth,* 8 F.3d 1132, 1137 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994). In *Parke v. Raley,* —— U.S. ——, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), the Supreme Court held that a state could place the initial

---

1. In his pleadings filed July 13, 1994, petitioner was also under the impression that a motion for reconsideration would be untimely. However, because the court found that such a motion was timely and given all of the surrounding circumstances, the court decided to consider petitioner's pleadings as a motion for reconsideration.

2. Because the court finds that the issues raised by respondent are dispositive of the petition, the court will limit its opinion to a discussion of the circumstances relevant to a determination of these issues.

burden on the defendant that his guilty plea in a prior conviction was knowing and voluntary when no transcripts of the guilty plea had been made. In support of a presumption of regularity in state court proceedings, the Court cited *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), which held that

> "a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel."

*Id.* at 468–69, 58 S.Ct. at 1025. Similarly, the burden rests upon petitioner to prove that he lacked counsel and that he failed to properly waive his right to counsel at the time of his prior misdemeanor convictions for which he served time in jail.

█ In this case, petitioner alleges that the sentence he received based upon his murder conviction was constitutionally infirm because consideration of prior invalid misdemeanor convictions resulted in the enhancement of his sentence. A prior misdemeanor conviction, for which the defendant served time in prison, may properly be considered for purposes of sentencing in a subsequent felony conviction when the defendant either had counsel or waived his right to counsel during the prior misdemeanor proceedings. *Nichols v. United States,* —— U.S. ——, ——, 114 S.Ct. 1921, 1928–29, 128 L.Ed.2d 745, 755 (1994); *Scott v. Illinois,* 440 U.S. 367, 376, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In this case, the parties dispute whether petitioner either had counsel or executed a waiver of his right to counsel before being convicted of any of the nine misdemeanor counts still at issue for which petitioner was imprisoned.

Thus, the court must examine the evidence brought forward by the parties on the issue of the presence of counsel and waiver at the time of petitioner's prior convictions.

█ It is undisputed that all of the files and records, except for the docket cards, of petitioner's prior misdemeanor convictions in the district court in Tuscola County have been destroyed. State statute provides that such records may be destroyed after ten years. The destruction of the records came to light as a result of a state court hearing that was conducted on December 15, 1989 by Circuit Judge Baguley, the judge who presided over petitioner's murder trial and then sentenced him to life imprisonment. The hearing in Tuscola County Circuit Court was held as a result of petitioner's September 28, 1989 delayed motion for resentencing based upon his claim that uncounseled misdemeanors were used to aggravate his sentence.[3] During the hearing, Judge Baguley stated that petitioner's motion was untimely and that "[i]t's almost a sandbagging type of situation. Wait until there aren't any records, and then complain about it." December 15, 1989 Hearing transcript at 10. Following the hearing in state court, petitioner's motion was denied and his subsequent attempts to appeal were also denied.

Although the records in his prior cases have been destroyed, petitioner has presented the docket cards for each of his misdemeanor convictions as evidence that he lacked counsel. Each docket sheet contains spaces for the names of two attorneys. Of the nine relevant misdemeanor convictions where petitioner was incarcerated, in only one instance has a name of an attorney been typed in the designated space. In the docket sheet for a September 10, 1969 conviction for disorderly conduct, the name of the prosecutor is listed as one of the attorneys. In each of the remaining eight cases, no attorneys are listed on the docket sheets for either defense counsel or the prosecution. In fact, the space for attorneys was most often used

---

**3.** This was not the first time that petitioner raised the issue of the role played by his prior misdemeanor convictions at his sentencing. On November 4, 1985, petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals based upon his claim that the "court considered counselless convictions of prior incarceration in its sentencing of defendant."

as a convenient spot to list the offense charged. Based upon this record, petitioner alleges that he has established that he lacked counsel during each of the nine misdemeanor convictions.

■ In addition, the magistrate judge cited the habeas petition as a statement under penalty of perjury by petitioner that can serve as evidence that he lacked counsel. However, it is well established that a self-serving habeas affidavit is not sufficient to establish a constitutional violation. *See Caudill v. Jago,* 747 F.2d 1046, 1051 (6th Cir. 1984); *see also Cuppett v. Duckworth,* 8 F.3d 1132, 1139–40 (7th Cir.1993) ("self-serving statements by a defendant that his conviction was constitutionally infirm are insufficient"), *cert. denied,* —— U.S. ——, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994); *United States v. Banks,* 964 F.2d 687, 693 (7th Cir.) (self-serving testimony does not overcome court finding of regularity), *cert. denied,* —— U.S. ——, 113 S.Ct. 470, 121 L.Ed.2d 377 (1992); *Honeycutt v. Ward,* 612 F.2d 36, 41 (2d Cir.1979), *cert. denied,* 446 U.S. 985, 100 S.Ct. 2969, 64 L.Ed.2d 843 (1980). As a result, the blank docket card entries are the only substantial evidence presented by petitioner in support of his claim that he lacked counsel during his misdemeanor convictions.

In reply, respondent contends that petitioner has not presented sufficient evidence to establish that he lacked counsel. Furthermore, respondent contends that petitioner has presented no evidence whatsoever on the issue of whether he waived his right to counsel during the misdemeanor proceedings against him. In any event, respondent argues that petitioner's delay in bringing his habeas petition has prejudiced the state's ability to refute his claim of lack of counsel.

Although claiming prejudice as a result of the destroyed files and records, respondent has produced the affidavit of Judge Richard Kern, the district judge in Tuscola County who handled all of the criminal matters for the district from 1968 through 1975, the period during which petitioner received the nine relevant misdemeanor convictions. Judge Kern states that although he has no specific recollection of the various proceedings against the petitioner,

it has always been my practice, in all criminal cases where I realized at the time of arraignment that the Defendant might be sentenced to any term of jail, to advise all such criminal defendants of their right to be represented by an attorney and of their right to have an attorney appointed for them if they were unable to afford the services of an attorney; and I further state that it has always been·my practice to not proceed with any criminal case wherein the defendant might be sentenced to jail, unless and until I appointed an attorney [for] such defendant, or said defendant hired an attorney, or said defendant waived his right to counsel in open court on the record.

Respondent's answer, App. A. Judge Kern does state, however, that he does not know if in cases where a jail term was only an alternative to the payment of costs and fines whether the defendants would also be advised of their right to counsel as described above.

With regard to serving time in jail rather than paying fines, petitioner has presented no facts, other than a self-serving affidavit, to indicate that he was ever imprisoned for failure to pay a fine or costs. Even the docket cards and the pre-sentence investigation seem to show that petitioner served time in jail only after receiving a particular sentence that required imprisonment, not as a result of a failure to pay fines or as an alternative punishment. In fact, several docket cards list fines and imprisonment as complementary penalties. In any event, the information provided by the docket cards is limited.

Based upon the evidence submitted by both parties, the court finds that petitioner has failed to establish that he lacked counsel during any of his misdemeanor convictions. In contrast, respondent has established that it was the regular practice during the six years in question of the state court in which petitioner received his misdemeanor convictions to apprise criminal defendants of their right to counsel and to appoint counsel when necessary. Many courts have recognized the validity of relying upon evidence of custom or practice of trial attorneys and judges to re-

fute allegations of procedural infirmities in cases where no record evidence is available. *United States v. Dickens*, 879 F.2d 410, 411–12 (8th Cir.1989); *see, e.g., United States v. Dickerson*, 901 F.2d 579, 582–83 (7th Cir. 1990); *Bouchillon v. Estelle*, 628 F.2d 926, 928 n. 5 (5th Cir.1980) ("Evidence as to standard practice or customary procedure can be used to demonstrate compliance with constitutional standards in a hearing on a petition for habeas corpus."). The only exception to the regular practice in the district court in Tuscola County relates to those instances where imprisonment was merely an alternative to the payment of fines. However, petitioner has failed to present any credible facts to indicate that any of his convictions occurred where the court's regular practice of appointing counsel was not in place. As a result, the court finds that petitioner has failed to establish that his sentence was imposed in violation of the Constitution. In these circumstances, the court will deny petitioner's motion for reconsideration. In addition, after careful reexamination of the record in this case and because of the unique circumstances presented, the court will vacate its prior order and judgment and enter a new judgment based upon the reasoning set forth in this memorandum opinion.[4]

### III. Rule 9(a)

██ Although it has found that petitioner has failed to establish that he lacked counsel when he received his nine prior misdemeanor convictions, the court also finds that the petition for a writ of habeas corpus should be denied based upon prejudice to respondent due to unreasonable delay under Rule 9(a) of the Rules Governing Section 2254 Cases. Respondent has demonstrated that the state has been severely hampered in its ability to respond to some of petitioner's claims based on the delay in the filing of his petition. Thus, even if petitioner had made out a colorable claim that he had been deprived of

his constitutional rights, respondent has demonstrated that its ability to rebut that claim has been prejudiced by the delay in the filing of the petition.

Rule 9(a) provides as follows:

A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

*Id.* Pursuant to Rule 9(a), the Sixth Circuit has established a two-pronged test whereby the (1) "state must appear to have been prejudiced in its ability to respond to petitioner's claims," and (2) "the petitioner must be given the opportunity to meet or rebut the apparent prejudice to the state, or to show that whatever prejudice the state has suffered would not have been avoided had the petition been filed earlier." *Davis v. Adult Parole Authority*, 610 F.2d 410, 414 (6th Cir.1979).

As an initial matter, the court finds that respondent has made a prima facie showing that the state has been prejudiced by petitioner's delay. Petitioner was sentenced on July 14, 1976, and he filed the instant petition on March 9, 1992. Over these sixteen years, all of the records and files for each of petitioner's prior seventeen misdemeanor convictions have been destroyed pursuant to statute. Based upon the affidavit of Judge Kern, it is apparent that the records for his most recent misdemeanor conviction, which occurred on August 26, 1975, were destroyed sometime in 1985. As a result, the most reliable source of information—especially in the context of petty crimes—concerning petitioner's prior convictions has been lost to the respondent.[5]

---

4. The court also notes that it has reexamined the magistrate judge's report and recommendation pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(B), and LR 72.1(d)(2) (E.D.Mich. Jan. 1, 1992). After conducting a *de novo* review, the court will reject the magistrate judge's report and recommendation and rely upon the reasoning set forth in this memorandum opinion.

5. Although the reconstruction of trial events that occurred over twenty years ago in the context of prior felony convictions is difficult without the benefit of record information, such reconstruction of past petty convictions is nearly impossible. The volume and relative significance of petty offenses, even where jail time of several days is at stake, greatly heightens the prejudice

While it has already found that respondent has brought forward sufficient evidence to show that petitioner either had counsel or declined the court's offer of appointed counsel during each of his misdemeanor convictions, the court finds it necessary to delineate the prejudice to respondent caused by petitioner's delay. Respondent has brought forward evidence to show that it was the regular practice of the state court involved to provide counsel. However, respondent has also admitted to a lack of evidence regarding the provision of counsel in cases where jail time was taken as an alternative to the payment of fines. In this case, there is no evidence to indicate that such was the case for any of petitioner's convictions, other than his own self-serving declaration. In this context, the state has been prejudiced in its ability to respond to this allegation now that all of the records have been destroyed.

The court also finds that petitioner lacks any justification for the delay in filing. He has consistently argued that his constitutional claim was readily apparent as far back as the day he was sentenced based upon the Supreme Court's decisions in *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) and *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In fact, as noted earlier, petitioner has raised the issue of the consideration of prior misdemeanor convictions in a 1985 application for leave to appeal to the Michigan Court of Appeals and in a 1989 delayed motion for resentencing. The Supreme Court's recent decision in *Nichols v. United States*, —— U.S. ——, ——, 114 S.Ct. 1921, 1928–29, 128 L.Ed.2d 745, 755 (1994) merely clarified and cut back on the state of the law in this area, which had been muddied by the earlier split decision in *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). In fact, the *Baldasar* decision was much more favorable to petitioner and was actually overruled by *Nichols*. As a result, petitioner cannot claim that his delay in filing was caused by the declaration of any new rights by the Supreme Court.

The court further finds that respondent would not have suffered the same prejudice had petitioner made an earlier filing. Based upon the information available to the court, it appears that the records and files for petitioner's prior misdemeanor convictions were destroyed between 1980 and 1985. As a result, the records for all seventeen prior convictions were available for review at a time in which petitioner could have filed his petition following the completion of state appellate and collateral proceedings. As a result, under the test set forth in *Davis*, petitioner has failed to demonstrate that the prejudice the state has suffered would not have been avoided had the petition been filed earlier. Indeed, the exercise of reasonable diligence by petitioner would have resulted in review of his constitutional claim without the palpable prejudice that respondent now faces. Under the circumstances of this case, petitioner's sixteen year delay has substantially deprived respondent of the opportunity to rebut petitioner's allegations. Petitioner has advanced no substantial explanation for the long delay that has prejudiced respondent. Therefore, on this additional ground, the court will dismiss the petition for writ of habeas corpus on the basis of unreasonable delay under Rule 9(a).

## IV. Conclusion

The court finds that petitioner has failed to establish that he lacked counsel during any of the misdemeanor convictions that were considered by the judge who sentenced him. Respondent has brought forward sufficient evidence to show that it was the regular practice of the misdemeanor court where petitioner was repeatedly convicted to make defendants aware of their right to counsel and to appoint counsel if they were unable to afford an attorney in cases where the defendant might be sentenced to jail. As a result,

to the state caused by a delayed petition where records have been destroyed.

In this case, even though respondent was able to produce the affidavit of Judge Kern, his statement was limited to the generalities of his courtroom procedures, rather than any information specific to any one of petitioner's seventeen misdemeanor convictions. As a result, the necessity of a fruitless search for a stray prosecutor or court reporter who might be able to recall whether petitioner had an attorney for his May 11, 1970 conviction for driving without a driver's license, for example, is certainly mitigated.

petitioner did not suffer a deprivation of his constitutional rights when his prior misdemeanor convictions were considered at his sentencing for murder.

In addition, even if petitioner had made a colorable showing of a deprivation of a constitutional right, respondent has demonstrated that its ability to rebut some of petitioner's claims has been prejudiced by the delay in the filing of the petition. Petitioner's claim has long been available to him, and he in fact raised the issue on two separate occasions in state court. Furthermore, petitioner has failed to demonstrate that the prejudice to the state could not have been avoided had the petition been filed earlier.

For these reasons, the court will deny petitioner's motion for reconsideration and stand on its prior ruling denying his petition for a writ of habeas corpus on the grounds stated in this memorandum opinion.

### *ORDER*

**NOW, THEREFORE, IT IS HEREBY ORDERED** that petitioner Frank Jefferson Snyder's motion for reconsideration is **DENIED.**

**IT IS FURTHER ORDERED** that the court's June 23, 1994 order adopting the magistrate judge's March 14, 1994 report and recommendation and denying petitioner Frank Jefferson Snyder's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **HEREBY VACATED.**

**IT IS FURTHER ORDERED** that the court's June 23, 1994 judgment denying petitioner Frank Jefferson Snyder's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **HEREBY VACATED.**

**IT IS FURTHER ORDERED** that the magistrate judge's March 14, 1994 report and recommendation is **REJECTED** in its entirety.

**IT IS FURTHER ORDERED** that petitioner Frank Jefferson Snyder's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** for the reasons stated in the court's memorandum opinion entered with this order.

**IT IS FURTHER ORDERED** that petitioner Frank Jefferson Snyder's motion for a certificate of probable cause to appeal pursuant to 28 U.S.C. § 2253 is **GRANTED.** The court certifies that petitioner has probable cause to appeal.

**SO ORDERED.**