**Doyle J. WILLIAMS, Petitioner,**

v.

**Paul K. DELO, Superintendent, Respondent.**

No. 96–1205.

United States Court of Appeals, Eighth Circuit.

April 9, 1996.

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

FAGG, Circuit Judge.

The district court denied Doyle J. Williams's third habeas petition and the Missouri Supreme Court scheduled his execution for April 10, 1996. Following the Supreme Court's order vacating this court's summary order granting Williams a certificate of probable cause and staying Williams's execution, Williams moves for a reasoned stay of execution or a ruling on the merits. This court carefully reviewed Williams's capital murder conviction six years ago, when Williams appealed the denial of his second federal habeas petition. *See Williams v. Armontrout,* 912 F.2d 924 (8th Cir.1990) (en banc). Because all the claims Williams raises now are abusive or successive and most of them are meritless, as well, we deny the relief sought by Williams.

Williams is not entitled to a certificate of probable cause unless he shows "the issues [in his petition] are debatable among reasonable [judges], a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo,* 16 F.3d 878, 882–83 (8th Cir.1994). Further, Williams is not entitled to a stay of execution unless there are substantial grounds for relief. *Delo v. Stokes,* 495 U.S. 320, 321, 110 S.Ct. 1880, 1881, 109 L.Ed.2d 325 (1990) (per curiam). Williams has not met either standard. First, Williams's claim that his trial counsel provided ineffective assistance during the penalty phase of Williams's trial is abusive, because Williams did not raise the claim in his second habeas petition. *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Attempting to show cause and prejudice, Williams argues he did not attack the validity of his death sentence in the earlier petition because his conditions of confinement at the Missouri State Penitentiary (MSP) were so abysmal that he preferred dying to remaining in prison. Williams presented evidence that he did not give his counsel permission to challenge his death sentence until 1989, after Williams was transferred to a different prison. Williams's

Charles W. German, Kansas City, MO, and Gregg F. Lombardi, for appellant.

Michael Joseph Spillane, Jefferson City, MO, for appellee.

second habeas petition came before this court en banc in 1990, after Williams's transfer, but Williams did not tell the en banc court that his past conditions of confinement had prevented him from raising an ineffective assistance claim, and Williams did not request a remand to the district court so he could raise the claim. In our view, Williams has not excused his abuse of the writ.

▮ Williams's argument about his conditions of confinement makes no sense, anyway. Williams claims he was too miserable and hopeless to raise a legitimate challenge to his death sentence, but undisputed evidence in the record shows Williams filed grievances and civil rights lawsuits in an attempt to improve his living conditions at the MSP. Williams also represented to the district court that Williams had raised all legitimate challenges to his death sentence. Accordingly, the district court found the prison conditions did not cause Williams to omit claims from his second habeas petition. The district court's finding is not clearly erroneous, and thus Williams's cause argument could not succeed on appeal. Contrary to Williams's contention, the district court was not required to accept the opinion of Williams's expert witnesses. The district court was entitled to give more weight to Williams's own actions and earlier statements about the prison conditions.

▮ Williams also cannot prevail on his claim that the state trial court violated his due process rights by failing to instruct the jury on first degree felony murder. Because Williams raised this claim in his second habeas petition and received a thorough review on appeal, *Williams,* 912 F.2d at 928–30, the claim is successive. *See Sawyer v. Whitley,* 505 U.S. 333, 337–39, 112 S.Ct. 2514–18, 120 L.Ed.2d 269 (1992); *Shaw v. Delo,* 971 F.2d 181, 184 (8th Cir.1992). Williams asserts the "ends of justice" require us to re-evaluate the claim in light of some new Missouri cases. He is wrong. The miscarriage of justice exception does not apply because Williams only asserts legal innocence, not actual innocence. *Schlup v. Delo,* — U.S. —, —, 115 S.Ct. 851, 864, 867, 130 L.Ed.2d 808 (1995); *Ruiz v. Norris,* 71 F.3d 1404, 1409–10 (8th Cir.1995). Williams's claim about the

first degree felony murder instruction is meritless at any rate. The state trial court concluded the trial evidence did not show an underlying felony independent of the murder and thus did not support the proposed instruction. The new cases Williams cites do not undercut the trial court's persuasive state law determination.

▮ Further, we cannot review Williams's abusive claim that the trial court violated due process and equal protection by not giving a jury instruction on second degree felony murder. Even if Williams could persuade us that he raised this claim to the en banc court during his appeal on his second habeas petition, we would still conclude the claim is abusive because Williams did not present it to the original panel in the earlier appeal and the en banc court properly chose not to address the abandoned claim. Besides, if Williams thought the en banc court was required to consider the claim, he should have said so in a motion for rehearing en banc. Williams blames his counsel in the earlier habeas proceedings for not properly preserving the claim, but ineffective assistance of habeas counsel is not cause. Moreover, to the extent Williams claims a due process violation, his claim is foreclosed by *Driscoll v. Delo,* 71 F.3d 701, 714–15 (8th Cir.1995), and the cases Williams cites to support his equal protection claim do not involve similarly situated defendants and are unpersuasive.

▮ Williams also contends the district court abused its discretion in denying Williams's motion to amend his habeas petition, but Williams is wrong. Williams moved to add a claim after his habeas petition had been pending for four years, discovery was complete, a magistrate had prepared an extensive report and recommendation, and the district court was ready to rule on the petition. The claim Williams wants to add could not succeed, anyway. Williams contends the Missouri Supreme Court violated due process because about two hundred Missouri capital murder cases were not in the files the court used to review the proportionality of Williams's sentence. Not only is this claim abusive, but Williams cannot show a due

process violation because the Missouri Supreme Court conducted a reasoned review of his sentence. We cannot look behind the Missouri Supreme Court's conclusion or consider whether that court misinterpreted the Missouri statute requiring proportionality reviews. *LaRette v. Delo,* 44 F.3d 681, 688 (8th Cir.1995). Also, Williams's claim is based on pure speculation. He does not explain why the missing cases are pertinent or how they would have affected the proportionality review.

Having carefully examined the record, including Williams's brief on the merits of this appeal filed after our earlier order, we conclude Williams's claims are neither debatable nor reveal substantial grounds for relief. Accordingly, we affirm the district court's refusal to grant Williams a certificate of probable cause, we vacate our earlier grant of a certificate of probable cause and dismiss Williams's appeal, and we deny Williams's motion for a stay of execution.

It is so ordered.