**Dennis Guy ERDMAN, Petitioner,**

v.

**Arthur TESSMER, Respondent.**

**No. CIV. 98–40440.**

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 30, 1999.

Dennis Guy Erdman, Detroit, MI, pro se.

Vincent J. Leone, Michigan Department of Attorney General, Lansing, MI, for Arthur Tessmer, Respondent.

## MEMORANDUM OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

GADOLA, District Judge.

Petitioner Dennis Guy Erdman is presently confined at the Marquette Branch Prison in Marquette, Michigan. Petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is confined in violation of his constitutional rights. For the reasons stated below, the application is denied and the matter is dismissed.

### Factual Background

In his application, Petitioner contends that he is challenging his 1987 guilty plea convictions for possession of a dangerous weapon, operating a motor vehicle under the influence of liquor, having an unlawful blood alcohol level, resisting and fleeing an officer, and refusing to take a breath test. Petitioner states that he was sentenced to thirty days in jail for these misdemeanor crimes.

Petitioner is currently in custody for a 1989 manslaughter conviction; he received a six to fifteen year sentence for that crime.[1] In the Petition before this Court, Petitioner is challenging his 1987 misdemeanor convictions as having improperly enhanced or increased his 1989 manslaughter sentence.

### Procedural History

On February 26, 1984, Petitioner was charged with operating a motor vehicle while under the influence of liquor, operating a vehicle with an unlawful blood alcohol level, refusing to take a preliminary blood test, and resisting and fleeing an officer. On April 16, 1984, Petitioner, represented by counsel, pleaded guilty to the charges of operating a motor vehicle while under the influence of liquor and resisting and fleeing an officer. On June 27, 1984, Petitioner was placed on probation for two years. He was ordered to pay a $500 fine and court costs of $500, report monthly to a probation officer, attend Alcoholics Anonymous meetings twice a week, and send proof of attendance of these meetings to the court each month. Petitioner's driver license was suspended for six months and he was granted a restricted license if he was otherwise eligible. On March 27, 1985, the case was closed and probation terminated. On August 6, 1986, Petitioner's Motions to Set Aside Convictions and Sentence and Vacate Sentence and Remove Convictions from his Record were heard and granted. The prosecution appealed. The Wayne County Circuit Court denied this appeal and upheld the setting aside of Petitioner's convictions.

On March 9, 1987, Petitioner entered into a plea bargain with regard to the convictions now challenged in this habeas petition. Under this agreement, Petitioner pleaded guilty to attempted operation of a motor vehicle while under the influence of liquor and resisting arrest in exchange for dismissal of the charges of operating a motor vehicle under the influence of liquor, operating with an unlawful blood alcohol

---

1. Petitioner pleaded no contest to vehicular manslaughter in 1989. He admitted being intoxicated, driving recklessly, striking a pedestrian in plain view killing him immediately, and leaving the scene of the accident. Petitioner fled the scene in his truck driving it some eight blocks away. Petitioner then abandoned the truck and hailed a taxi. Unbeknownst to Petitioner, the taxi driver had witnessed the accident. After letting Petitioner in his cab, the taxi driver locked the doors of the cab and drove Petitioner to the Ninth Precinct in Detroit. Petitioner was convicted of vehicular manslaughter and leaving the scene of an accident. The trial court later vacated the leaving the scene of an accident conviction. Petitioner was sentenced to six to fifteen years for the manslaughter. *See Erdman v. Grayson,* Case No. 93–74531–DT (E.D.Mich.), and within record of *People v. Erdman,* Plea Proceeding, Recorder's Court No. 89–13044, November 16, 1989 at 6, 7.

level, and refusing a preliminary blood test. *See People of the City of Harper Woods v. Erdman*, Order Denying Motion for Reconsideration and Correcting Previous Opinion and Order Denying Motions for Transcripts, Case Nos. 84–37321, 84–38677, and 87–43585, 32A Judicial District Court (December 22, 1993).

Petitioner contends that he is challenging his 1987 convictions for possession of a dangerous weapon, operating a motor vehicle under the influence of liquor, having an unlawful blood alcohol level, resisting and fleeing an officer, and refusing to take a breath test. The copy of a Judgment of Sentence submitted as an attachment to his Petition indicates, however, that the charges of Unlawful Possession of a Dangerous Weapon and Unlawful Blood Alcohol Level in Case No. 87–43585CM were dismissed and that he was sentenced to thirty days in jail upon his guilty plea to Operating Under the Influence of Liquor. *See* Judgment of Sentence, Case No. 87–43585CM.

On December 8, 1989, Petitioner pleaded no contest to vehicular manslaughter and leaving the scene of an accident. Petitioner was sentenced to prison terms of six to fifteen years and two years, respectively, for these crimes. The conviction for leaving the scene of an accident was vacated later. Petitioner contends that his current sentence for manslaughter was improperly enhanced by his allegedly unconstitutional misdemeanor guilty plea convictions for possession of a dangerous weapon, operating a motor vehicle under the influence of liquor, having an unlawful blood alcohol level, resisting and fleeing an officer, and refusing to take a breath test.

Petitioner apparently did not file a direct appeal from the convictions challenged in the present Petition.[2]

Petitioner challenged a number of his misdemeanor convictions in a Motion for Relief from Judgment in the 32A District Court. The 32A District Court's order denying the motion refers to Petitioner's guilty plea convictions for attempted operating of a motor vehicle under the influence of liquor and resisting arrest. Petitioner apparently challenged other convictions in this motion, however. This is shown by the Michigan Supreme Court's order denying Petitioner's application for leave to appeal for failure "to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People of the City of Harper Woods v. Erdman*, Michigan Supreme Court Docket No. 106441 (February 20, 1997). The Michigan Supreme Court's order lists the following lower court case numbers in its order in No. 106441: Court of Appeals No. 188654, Circuit Court No. 94–412473–AV, and District Court Nos. 84–37321, 84–38677, and 87–43585.[3]

The 32A District Court denied Petitioner's motion for relief from judgment, finding that his delay of six years in filing the motion and failure to show good cause required denial of the motion. It is unclear whether that court was referring to "good cause" for Petitioner's failure to pursue a direct appeal of his convictions, "good cause" for not filing his motion for relief from judgment sooner, or both. The Wayne County Circuit Court dismissed Petitioner's appeal of the 32A District Court's denial of his motion for failure to

---

2. In his habeas application, in response to the question asking whether he appealed from the judgment of conviction, Petitioner checked the "yes" box. In his response to the question asking the name of the court to which he appealed, Petitioner answered, "My trial attorney failed to withdraw my plea and without knowledge, appeal conviction." Petition at 2–3. Petitioner left blank the sections asking the name of the court and result of any appeal to a higher court. *Id.*

3. According the copies of Judgments of Sentence submitted by Petitioner, in Case No. 84–37321 he pleaded guilty to Attempted Operating Under the Influence of Liquor and Resisting Arrest, in Case No. 84–38677 he pleaded guilty to Resisting arrest and Operating While Impaired, and in Case No. 87–43585 he pleaded guilty to Operating Under the Influence of Liquor. The Judgment of Sentence in Case No. 87–43585 states that the charges of Unlawful Possession of a Dangerous Weapon and Unlawful Blood Alcohol were dismissed.

follow court rules. *People of the City of Harper Woods v. Erdman,* Docket No. 94–413473 AV. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal "for lack of merit in the grounds presented and for failure to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People of the City of Harper Woods v. Erdman,* Michigan Court of Appeals Docket No. 188654 (May 16, 1996). As noted, the Michigan Supreme Court denied Petitioner's application for leave to appeal for failure "to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People of the City of Harper Woods v. Erdman,* Michigan Supreme Court Docket No. 106441 (February 20, 1997).

On July 2, 1998, Petitioner filed the instant petition for a writ of habeas corpus, presenting the following claims:

I. Petitioner was subjected to Double Jeopardy when he was subjected to criminal penalties and the suspension of his driver's license on the basis of the same events.

II. Petitioner was denied his appeal of right by counsel's failure to file a motion to withdraw Petitioner's guilty plea and file notice of appeal.

III. Petitioner was denied the effective assistance of trial counsel.

IV. The trial court abused its discretion and denied Petitioner due process of law when it denied Petitioner's motion for production of transcripts.

V. Petitioner's guilty plea was not knowing, voluntary, or intelligent.

VII. Petitioner is entitled to withdraw his guilty plea, because he did not receive the benefit of his guilty plea bargain.

On August 27, 1999, Respondent answered these claims. Respondent contends that Petitioner may not collaterally challenge the validity of the convictions used to enhance his sentence for manslaughter because he was represented by counsel in the proceedings for those offenses, citing *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), for support.

For the reasons stated below, the Petition for a Writ of Habeas Corpus is denied.

## Discussion

### 1. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996)("AEDPA" or "the Act"), govern this case because Petitioner filed his habeas corpus petition after the effective date of the Act. *See Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).[4]

The AEDPA altered the standard of review that a federal court must use when reviewing applications for writs of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides that:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The United States Court of Appeals for the Sixth Circuit recently discussed the deference to be accorded a state court's decision on habeas review when a petitioner presents mixed questions of law and

---

4. The petition is timely, because it was filed within one year of the date after Petitioner's appeal of his motion for relief from judgment became final. 28 U.S.C. § 2244(d)(1). *Giles v. United States,* 6 F.Supp.2d 648 (E.D.Mich. 1998); *Hudson v. Jones,* 35 F.Supp.2d 986 (E.D.Mich.1999); *Matthews v. Abramajtys,* 39 F.Supp.2d 871 (E.D.Mich.1999).

fact. The Sixth Circuit has defined an "unreasonable application of clearly established Federal Law" under 28 U.S.C. § 2254(d)(1) as follows:

the unreasonableness of a state court's application will not be debatable among reasonable jurists, if it is so offensive to existing precedent, so devoid of record support, or so arbitrary as to indicate that it is outside the universe of plausible, credible outcomes.

*Nevers v. Killinger,* 169 F.3d 352, 362 (6th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999) (citations omitted). *See Tucker v. Prelesnik,* 181 F.3d 747, 752 (6th Cir.1999) ("In this circuit, . . . the writ will issue if the unreasonableness of the state court's application of clearly established precedent is not debatable among reasonable jurists.").

Furthermore, a federal court must apply the presumption of correctness to state court findings of fact for habeas corpus purposes unless clear and convincing evidence is offered to rebut this presumption. 28 U.S.C. § 2254(e)(1); *Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir.1998); *Harris v. Stovall,* 22 F.Supp.2d 659, 663 (E.D.Mich.1998); *West v. Seabold,* 73 F.3d 81, 83 (6th Cir.1996); *Lundy v. Campbell,* 888 F.2d 467, 469 (6th Cir.1989).

### 2. Jurisdiction and Entitlement to Review

Petitioner contends that his current sentence for manslaughter has been improperly enhanced (increased) by prior misdemeanor convictions which were obtained in violation of his constitutional rights. Respondent contends that Petitioner is not entitled to relief because a prisoner may only collaterally challenge a prior conviction used to enhance a current sentence on the ground of denial of appointment of counsel in violation of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and Petitioner admits he was represented by counsel in his guilty plea proceedings regarding the challenged conviction(s).

The habeas corpus statute grants federal courts jurisdiction to review a habeas petition from a person who, at the time the petition is filed, is "in custody" for the conviction(s) under attack. 28 U.S.C. § 2254(a); *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Petitioner has fully served the sentences for the conviction(s) he seeks to challenge in this petition. However, "[b]ecause a person currently serving a sentence that was enhanced on the basis of a prior conviction is still in custody, he may challenge the enhancing conviction as constitutionally invalid even though that prior conviction's original custodial term has expired." *Smith v. Farley,* 25 F.3d 1363, 1365–66 (7th Cir.1994). Therefore, since Petitioner alleges that he is now "in custody, at least in part because of his [prior 1987 misdemeanor guilty pleas], a federal court has jurisdiction over a petition challenging the constitutionality" of those convictions. *Id.*

Respondent contends that Petitioner is not entitled to relief because only *Gideon* claims may be reviewed when a habeas petitioner challenges a conviction as enhancing or increasing a later sentence. This Court is not persuaded that habeas review of convictions used to enhance a later sentence is so limited.

In *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court considered whether, in a federal sentencing hearing, a defendant may collaterally attack prior state convictions used to increase his federal sentence under the Armed Career Criminal Act. The defendant in *Custis* raised claims of ineffective assistance of counsel. The Supreme Court held that a defendant had no constitutional right to collaterally attack the validity of a prior state conviction in a federal sentencing hearing with one exception—convictions obtained in violation of *Gideon.* 511 U.S. at 496, 114 S.Ct. 1732. The Court noted, however, that "[the petitioner] . . . may attack his state sentences in [the state courts] or through federal habeas review. . . . If [the petitioner] is

successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." *Id.* at 497, 114 S.Ct. 1732 (citation omitted).

The *Custis* Court did not indicate that the scope of habeas review of the prisoner's prior conviction(s) would be limited to *Gideon* claims. Indeed, it would have been incongruous to state that a defendant could obtain review of *only Gideon* claims in a federal sentencing hearing *and* that he could attack his state conviction(s) in habeas, but only on the basis of *Gideon* claims. This would mean that habeas review of such prior convictions would be as limited as review in the federal sentencing forum. If this were the Supreme Court's intent, there would be no purpose for separately noting that review of enhancing convictions was available in state court or by habeas corpus when review of *Gideon* claims was already available in the sentencing hearing forum.

At least one federal Court of Appeals has held that under *Custis* there is no right to collaterally attack in an action pursuant to 28 U.S.C. § 2254 a prior conviction used for sentencing enhancement except on the basis of *Gideon*. *Partee v. Hopkins*, 30 F.3d 1011 (8th Cir.1994); *Charlton v. Morris*, 53 F.3d 929 (8th Cir.). At least one other court has held, however, that a collateral attack may be made on other grounds besides a failure to appoint counsel for an indigent defendant. *See Smith v. Farley*, 25 F.3d at 1367–68 (holding that review of prior state convictions alleging any constitutional violation under 28 U.S.C. § 2254, "should generally be available unless a defendant has already exercised any earlier opportunity for a full and fair state collateral review or review would be inconsistent with existing doctrines determining the circumstances under which collateral review is available"). This Court is not persuaded that the Eighth Circuit's position is correct.

Moreover, in *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999), the Sixth Circuit ruled that a federal prisoner could not raise his ineffective assistance of counsel claim challenging the constitutionality of his state convictions used to enhance his federal sentence in his federal sentencing hearing. Writing for the court, Judge Ryan stated: "We read *Custis* as requiring Turner to challenge the underlying state convictions first in the state court or in an independent habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254." *Id.* The Sixth Circuit did not indicate any limits on the type of claims which might be pursued under § 2254. It would be contradictory to find that the prisoner is *required* to obtain review of the underlying convictions pursuant to § 2254, rather than a federal sentencing hearing, and then find that review under § 2254 is limited to *Gideon* claims, when it is already clearly established that *Gideon* claims may be reviewed in a federal sentencing hearing.

Furthermore, in *United States v. Bureau*, 52 F.3d 584, 594 n. 8 (6th Cir.1995), the Sixth Circuit wrote that the Supreme Court in *Custis* noted that "the defendant there still had the opportunity to attack his sentences in state court or through federal habeas corpus review ... to ensure that its decision would not be interpreted to foreclose these opportunities."

Therefore, this Court concludes that Petitioner's challenge to his sentence enhancing conviction(s) in this habeas action is not limited to *Gideon* claims.

### 3. Procedural Default

Petitioner seeks to overturn his 1987 misdemeanor conviction(s) for which he was ordered to pay a fine and court costs totaling $1,000.00 and sentenced to thirty days in the county jail. Petitioner asserts that he pleaded guilty to charges of possession of a dangerous weapon, operating a vehicle under the influence of liquor, unlawful blood alcohol level, resisting arrest, and refusing to take a breath test. A copy of a Judgment of Sentence provided by Petitioner indicates that the unlawful possession of a weapon charge and the

unlawful blood alcohol level charge were dismissed and that he pleaded guilty to operating under the influence of liquor. Judgment of Sentence in Case No. 87–43585CM.[5]

Petitioner has, of course, long since served the thirty day sentence for his 1987 misdemeanors. Petitioner challenges the present effect of this misdemeanor conviction on his current sentence for vehicular manslaughter, a crime Petitioner also committed while intoxicated on alcohol.

■ The state trial and appellate courts rejected Petitioner's 1993 motion for relief from judgment, finding that Petitioner procedurally defaulted his right to challenge his 1987 misdemeanor guilty pleas by failing to take a direct appeal from the convictions and then waiting six years to file his motion. M.C.R. 6.508(D). The state courts also found that Petitioner failed to show good cause for his failure to directly appeal. These procedural defaults on the basis of M.C.R. 6.508, however, do not bar habeas review, because Petitioner's conviction(s) occurred before the effective date of Michigan's motion for relief from judgment court rules in 1989. *Rogers v. Howes*, 144 F.3d 990, 991 (6th Cir.1998). Nevertheless, the fact that Petitioner did not directly appeal his 1987 misdemeanor convictions and waited until 1993 to file his motion for relief from judgment is significant.

■ Petitioner committed another procedural default when he failed to develop the facts in state court supporting his claim that his 1987 misdemeanor guilty plea was induced by a promise from his attorney and the prosecutor that he would not receive jail time. *Keeney v. Tamayo–Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). This procedural default occurred when Petitioner failed to file a motion to withdraw his plea, failed to directly appeal his guilty plea convictions, and failed to obtain a hearing in state court. This procedural default remained

uncorrected when Petitioner waited until 1993 to file a motion for relief from judgment, a delay which may have contributed to the denial of his motion without a hearing.

■ If a prisoner is guilty of a procedural default concerning factual development of a claim, federal habeas review of the claim is barred unless the prisoner can show cause to excuse his failure to develop the facts, and actual prejudice, or demonstrate that failure to consider his claims would result in a manifest injustice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Teague v. Lane*, 489 U.S. 288, 298–99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994); *Riggins v. McMackin*, 935 F.2d 790, 792, 793 (6th Cir.1991).

Petitioner contends that trial counsel was ineffective for failing to file a motion to withdraw his plea and file a direct appeal of his guilty plea convictions. Ineffective assistance of counsel may be cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488–89, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). However, even assuming that Petitioner could demonstrate cause for his procedural default of failing to develop the facts supporting his challenge to his 1989 misdemeanor guilty pleas, he cannot show prejudice from that procedural default.

■ Petitioner is attacking his 1987 misdemeanor conviction(s) as improperly enhancing his 1989 manslaughter sentence. It is his custody on his present 1989 manslaughter conviction which gives this Court jurisdiction to review his claims. Petitioner cannot show that his guilty plea in his 1987 misdemeanor case has prejudiced him regarding his 1989 manslaughter sentence, for several reasons.

First, Petitioner was sentenced to six to fifteen years imprisonment for vehicular

---

5. Petitioner also pleaded guilty in 1984 in two additional separate cases of attempting to operate a vehicle while drunk and resisting arrest and operating while impaired and resisting arrest.

manslaughter for using his truck to run over and kill a man while Petitioner was drunk and then leaving the scene of the accident. Petitioner had at least two other related prior convictions for drunk driving and resisting arrest and attempted drunk driving and resisting arrest. Petitioner has not shown that he would have received less than six to fifteen years, even if his 1987 misdemeanor conviction(s) had not been considered by the court which sentenced him for manslaughter.

Second, Petitioner has not shown that there is any reasonable probability that he would have been acquitted if he had pleaded not guilty, or been allowed to withdraw his guilty plea in his 1987 misdemeanor cases. That is, any error in inducing his guilty plea which might have entitled him to withdraw his plea cannot be said to have prejudiced him regarding his subsequent manslaughter sentence, because he cannot show that there is any reasonable probability that the outcome of the 1987 misdemeanor case would have been different. Petitioner has not shown that there is any reasonable probability that the sentencing judge would not have had the 1987 misdemeanor conviction(s) to consider, even if Petitioner was allowed to withdraw his plea, or had the plea overturned on appeal, and then proceeded to trial on these charges.

Third, even if Petitioner had successfully appealed his 1987 misdemeanor case and had not been thereafter convicted, the manslaughter court could still have considered the admitted facts of Petitioner's 1987 drunk driving conduct in sentencing him. The United States Supreme Court has ruled that a sentencing court may properly consider conduct of which a defendant has been acquitted, so long as the conduct has been proven by a preponderance of the evidence. *United States v. Watts,* 519 U.S.

148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). Petitioner has not shown that it was his number of prior *convictions,* as opposed to his repeated incidences of drunk driving, which led to his six to fifteen year sentence for vehicular manslaughter. The sentencing court could properly have still considered his proven history of drunk driving behavior even if all of his prior drunk driving convictions had been overturned on appeal.[6]

The United States Supreme Court held in *Murray v. Carrier* that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." 477 U.S. at 495, 106 S.Ct. 2639; *see Schlup v. Delo,* 513 U.S. 298, 318–22, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner has not shown that he is probably actually innocent of the 1987 misdemeanor charge(s), or that he is probably actually innocent of vehicular manslaughter. Petitioner's admissions of factual guilt to the 1987 misdemeanor charge(s) and his no contest plea to the 1989 manslaughter charge are entitled to great weight. *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). This Court concludes that there is no reason to believe Petitioner is actually innocent of any of these crimes.

Furthermore, it was not a manifest injustice either to consider Petitioner's history of repeated drunk driving infractions at his manslaughter sentencing, or to impose a six to fifteen year sentence for recklessly killing another human being while intoxicated and attempting to leave the scene without attempting to give assistance. Pe-

---

6. Of course, the difference between a prior felony conviction as opposed to proven prior felonious conduct would be presumptively significant when a prisoner had been sentenced under a habitual offender law. Also, the difference between a prior drunk driving conviction and proven conduct of drunk driv-

ing would be significant when a defendant was charged with the felony offense of operating under the influence of liquor, third offense. *People v. Ward,* 459 Mich. 602, 594 N.W.2d 47 (1999). Neither of these considerations are present in the case before this Court.

titioner has not shown that barring habeas review of his claims on the basis of his state procedural default would work a manifest injustice.

Consequently, Petitioner has not shown that he has been prejudiced by his 1987 misdemeanor guilty plea conviction(s), or that declining to review the merits of these claims would be manifestly unjust. Therefore, his state procedural default of failing to develop the facts in state court underlying his challenge to his 1987 misdemeanor guilty plea bars habeas relief.

■ Additionally, Petitioner is not entitled to an evidentiary hearing on this matter. The habeas corpus statute states the following concerning evidentiary hearings when the Petitioner has failed to develop the facts in state court:

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner failed to develop the facts in State court underlying his claimed involuntary guilty plea. Petitioner does not rely on a new rule of constitutional law. Petitioner does not rely on newly discovered facts. On the contrary, he relies on alleged facts he contends he knew at the time of his 1987 guilty plea.[7] Nor would the facts underlying Petitioner's claim establish that no reasonable fact-finder would have convicted him. Rather, Petitioner claims that his guilty plea was induced by a promise of no jail time; he does not contend that he was not guilty or that, but for constitutional error, he would not have been found guilty.

Accordingly, Petitioner is not entitled to an evidentiary hearing.

In short, this Court concludes that Petitioner has failed to show prejudice regarding his current manslaughter sentence from the alleged constitutional error in his 1987 misdemeanor guilty plea case. Petitioner has not shown that he is entitled to an evidentiary hearing on this defaulted claim under the revised habeas corpus statute. Therefore, habeas corpus relief shall be denied. Petitioner's motion for an evidentiary hearing shall also be denied.

**Conclusion**

This Court concludes that Petitioner's procedural default of failing to develop the facts in state court underlying his challenge to his 1987 guilty plea to drunk driving bars habeas review of the merits of his claims because Petitioner has not shown that the alleged constitutional error has prejudiced him concerning his current 1989 sentence for manslaughter, the sentence for which he is presently in custody and which is the actual target of the present petition.

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's motion for an evidentiary hearing filed January 19, 1999 is **DENIED.**

---

**7.** The Court notes that, if Petitioner were granted an evidentiary hearing, one proper subject of inquiry would be whether habeas relief on Petitioner's attack on his 1987 guilty plea to drunk driving resulting in a thirty day jail sentence was barred by the doctrine of laches. *Spalding v. Aiken,* 460 U.S. 1093, 103 S.Ct. 1795, 76 L.Ed.2d 361 (1983); *Carson v. Burke,* 178 F.3d 434 (6th Cir.1999); *Snyder v. Grayson,* 872 F.Supp. 416 (E.D.Mich.1994).

**IT IS FURTHER ORDERED** that Petitioner's motion for summary disposition and for entry of default judgment filed September 8, 1998 is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion for an order to show cause filed December 10, 1998 is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion to disqualify Magistrate Judge Paul J. Komives filed December 10, 1998 is **DENIED.**

**IT IS FURTHER ORDERED** that Respondent's motion to extend time to file answer filed January 4, 1999 is **DENIED** as moot.

### *JUDGMENT*

The above entitled matter having come before the Court on a Petition for Writ of Habeas Corpus, Honorable Paul V. Gadola, a United States District Judge, presiding, and in accordance with the Memorandum Opinion and Order entered on Sept 30, 1999,

**IT IS ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus be, and the same hereby is, **DENIED WITH PREJUDICE.**