NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0301n.06
Filed: May 2, 2006

No. 04-2487

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Marcus Harvey, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Kurt Jones, Warden, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:    KEITH, MERRITT, and DAUGHTREY, Circuit Judges.

**MERRITT, Circuit Judge.** Petitioner Marcus Harvey, a Michigan state prisoner, appeals from the district court's dismissal of his petition for a writ of habeas corpus. The district court concluded that Harvey's petition was barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). Harvey asserts that the one-year statute of limitations should be equitably tolled either (1) because Harvey has shown that he is actually innocent of the crime for which he was convicted, or (2) because, as a *pro se* litigant, he reasonably interpreted the one-year statute of limitations to commence at the conclusion of his state collateral proceedings even though his state collateral proceedings commenced after the statute of limitations had expired. For the reasons set forth below, we AFFIRM the judgment of the district court.

## I. Background

Harvey admits to killing Wilbert Reid on April 12, 1990, but claims he did so in self-defense. During his trial, Harvey testified that he went to Reid's apartment on the evening of April 11th to smoke crack cocaine and to drink alcohol. While they were watching a movie, Reid began removing his clothing and touching Harvey. Harvey repeatedly asked Reid to stop and attempted to leave the apartment, but Reid prevented him from leaving and threatened him with a knife. When Harvey resisted Reid's demands for sex, Reid pushed him and slashed at him with the knife. A struggle ensued, and at some point during the struggle, Harvey grabbed the knife and repeatedly stabbed Reid. Harvey then bound Reid's wrists and ankles with a cord. Reid subsequently died of his injuries.

Harvey was tried before a jury on first degree murder charges in October of 1990. On October 29, 1990, the Michigan trial court charged the jury on the question of self-defense, the only defense asserted by Harvey at his trial. The court gave a detailed instruction on self-defense, but it did not instruct the jury that a defendant may lawfully use deadly force in self-defense to resist an imminent rape.[1] At the end of the court's instruction, the court asked, "Are both sides satisfied with

---

[1] The state trial court gave the following instruction on self-defense:

> First, at the time of the act the defendant must honestly believe that he is in danger of being killed or of receiving serious bodily harm. If he so believes, he may immediately act and defend himself even to the extent of taking a human life if necessary. Although it may now turn out that the appearances were false and that he was mistaken as to the extent of the real danger, he is to be judged by the circumstances as they appeared to him at the time of the act.
> Second, the degree of danger which must be feared is serious bodily harm or death. A person is not justified in killing or inflicting great bodily injury upon

the charge?" Harvey's defense counsel, Mr. Pessina, answered, "Defense is satisfied, Your Honor."

(J.A. at 259-60.) The jury then returned a verdict of guilty of second degree murder, and the

defendant was sentenced to a thirty to fifty year term of imprisonment. The Michigan Court of

Appeals affirmed Harvey's conviction, and the Michigan Supreme Court denied his application for

leave to appeal on July 30, 1993. *See People v. Harvey*, 505 N.W.2d 584 (Mich. 1993).

---

another in order to protect himself from what appears to be slight or insignificant injury. In deciding whether at the time the defendant feared for his life or safety, you should consider all of the surrounding circumstances: The condition of the parties, including their relative strength, whether the other party was armed with a dangerous weapon, or had other means to injure the defendant, the nature of the threat or attack of the party, previous acts of brutality or threats of the other party of which the defendant was aware.

Third, the act or acts taken by the defendant must have appeared to the defendant at the time to be immediately necessary. A person is justified in using only such an amount of force as may appear necessary at the time to defend himself from danger. In considering whether the degree of force appeared to be necessary, you should consider the excitement of the moment and what alternatives the defendant knew existed. A defendant in a state of excitement is not held to fine distinctions of judgment about how much force is necessary for him to use to protect himself.

The law requires a person to avoid using deadly force if he can safely do so. If the defendant could have safely retreated but did not do so, his failure to retreat is a circumstance which you may consider together with all of the other circumstances in determining whether he went further in repelling the danger that [sic] he was justified in so doing. . . .

However, if the defendant believed that he was in immediate danger of death or serious bodily harm and that deadly force was immediately necessary to repel such danger, he was not required to retreat or to consider whether he could safely retreat. He was entitled to stand his ground and use such force as he believed immediately necessary to protect his person.

The defendant is not required to prove that he acted in lawful self-defense. The prosecution has the burden of proof of guilt beyond a reasonable doubt, and this includes the responsibility of proving a defendant was not acting in self-defense.

(J.A. at 255.)

Five years later, in September 1998, Harvey filed a petition for post-conviction relief. This petition was denied. *People v. Harvey*, No. 90-04921-01 (Wayne County Cir. Ct. Apr. 21, 1999). The Michigan Court of Appeals dismissed the application for leave to appeal the order denying post-conviction relief for failure to pursue the case in conformity with the applicable court rules. *People v. Harvey*, No. 226504 (Mich. Ct. App. Oct. 11, 2000). The Michigan Supreme Court denied leave to appeal because the application was not timely filed.

Harvey then filed a motion for reconsideration, which the state trial court construed as a successive petition for post-conviction relief. This motion was denied. *People v. Harvey*, No. 90-04921-01 (Wayne County Cir. Ct. Feb. 27, 2001). The Michigan Court of Appeals dismissed the application for leave to appeal on the ground that the court lacked jurisdiction to review the denial of a second petition for post-conviction relief. *People v. Harvey*, No. 235736 (Mich. Ct. App. Aug. 22, 2001). On April 29, 2002, the Michigan Supreme Court denied Harvey's application for leave to appeal. *People v. Harvey*, 643 N.W.2d 575 (Mich. 2002).

On April 8, 2003, Harvey filed a *pro se* petition for a writ of habeas corpus in the Eastern District of Michigan. The district court dismissed Harvey's petition as time-barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1). Harvey timely appealed, and we granted a Certificate of Appealability on the following issue: whether his petition for a writ of habeas corpus was barred by the one-year statute of limitations.

**II.**

Pursuant to AEDPA, a state prisoner claiming imprisonment in violation of the laws or Constitution of the United States has one year from the completion of direct review of his case to

-4-

file for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). For those prisoners, like Harvey, whose state conviction became final prior to AEDPA's effective date, the statute of limitations expires one year from the effective date, on April 24, 1997. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *overruled on other grounds by Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004). As Harvey failed to file his petition prior to this date, and no state post-conviction or collateral review proceeding was pending during this time to toll the statute of limitations, Harvey's habeas corpus petition was filed outside the applicable statute of limitations.

Although he concedes that his petition was untimely, Harvey contends that he is entitled to equitable tolling of the statute of limitations. "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citation omitted). In the present case, there are two arguments for equitable tolling of the limitations period. First, in *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005), this Court held that "equitable tolling of the statute of limitations based on a credible showing of actual innocence is appropriate." If Harvey fails to establish actual innocence under the standard enunciated in *Souter*, we may still equitably toll the limitations period based on the five factors outlined by this Court in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

**A.**

In *Souter*, this Court held that actual innocence is grounds for equitable tolling of AEDPA's one-year statute of limitations. Relying on *Schlup v. Delo*, 513 U.S. 298 (1995), we held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not

that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602. To establish actual innocence, a habeas petitioner must support his allegations of constitutional error "with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.

Harvey asserts that he is actually innocent and that his due process rights were violated because his conviction was based on jury instructions that failed to inform the jury, as required by Michigan law, that force, even deadly force, may be used to repel an imminent sexual assault. To support his argument of actual innocence, Harvey relies on *Barker v. Yukins*, 199 F.3d 867 (6th Cir. 1999). In *Barker*, we reviewed the Michigan Supreme Court's decision in *People v. Barker*, 468 N.W.2d 492 (Mich. 1991), finding that the trial court erred in refusing to instruct the jury that deadly force may be used to resist an imminent sexual assault. The Michigan Supreme Court, however, found that the error was harmless because no reasonable juror would have believed the petitioner's claim of self-defense. When the Sixth Circuit reviewed the challenged state court decision, our Court held that the state trial court's error in failing to specifically instruct the jury that deadly force may be used to stop an imminent rape "had a substantial and injurious effect or influence in determining the jury's verdict." *Barker*, 199 F.3d at 872-74. We reasoned that the error was not harmless because the given instruction on self-defense simply stated that the defendant is entitled to use deadly force when he is in danger of death or bodily harm, "leav[ing] the door open for a juror to decide that forcible rape in a given case would have caused neither death nor great bodily harm."

*Id.* at 873. We also ruled that the Michigan Supreme Court's finding of harmless error violated the petitioner's due process right to present a full defense and the right of trial by jury. We reasoned that the instructions given undermined the petitioner's defense because a juror may have reasonably interpreted the instructions to require the petitioner to demonstrate both that a rape was imminent and that rape would have led to death or serious bodily injury. Michigan law, however, requires only that a defendant who used self-defense to resist an imminent rape demonstrate that a rape was imminent. *Id.* at 875. We further reasoned that the Michigan Supreme Court improperly invaded the province of the jury because the court necessarily weighed the evidence and made credibility determinations in determining that the erroneous jury instruction was harmless. *Id.* at 874-75.

Contrary to Harvey's contentions, our decision in *Barker* does not constitute "new evidence" of innocence, *see Schlup*, 513 U.S. at 324 (requiring petitioner to present new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, to establish actual innocence), and Harvey has offered no such evidence in support of his claim of actual innocence. Harvey does not claim that new evidence shows he is factually innocent of killing Wilbert Reid. Rather, he claims that he is innocent under our decision in *Barker* because the jury was erroneously instructed on self-defense and we have no way of knowing what effect the erroneous instruction had on the verdict. However, Harvey's challenge to the jury instructions rests upon asserted legal innocence. *See Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002) (finding that the actual innocence exception did not apply to petitioner's claim that he is legally innocent because his conduct was justified by the doctrine of self-defense, on which the jury was not accurately instructed); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (rejecting as

arguments going to legal innocence petitioner's claim that he was not guilty of first degree murder because he was intoxicated and acted in self-defense); *Jones v. Hanks*, 1997 WL 355515, at *2 (7th Cir. June 24, 1997) (unpublished opinion) (finding that petitioner's assertion that he was innocent because his conviction was based on erroneous jury instructions merely raised a claim of legal innocence); *Williams v. Delo*, 82 F.3d 781, 784 (8th Cir. 1996) (holding that petitioner's challenge to jury instructions, in light of some new cases, did not demonstrate his actual innocence because petitioner "only asserts legal innocence, not actual innocence"); *Canaan v. Davis*, 2003 WL 118003, at *30 (S.D. Ind. Jan. 10, 2003), *rev'd in part on other grounds*, *Canaan v. McBride*, 395 F.3d 376 (7th Cir. 2005) (holding that petitioner's challenge to jury instructions did not demonstrate his actual innocence because it rested upon asserted "legal error"); *Fleming v. Olson*, 1998 WL 34093762, at *5 (S.D.W. Va. Oct. 14, 1998) (unpublished opinion) ("[E]ven if the [jury] instruction was erroneous, it resulted in legal error and is therefore irrelevant to our review on a claim of actual innocence."). The Supreme Court has made clear that the term "actual innocence" means *factual*, as opposed to *legal*, innocence. *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Because he has no new evidence with which to demonstrate that he is factually innocent of the crime for which he was convicted, Harvey has not established that he is entitled to equitable tolling based on actual innocence.

**B.**

Having concluded that the actual innocence exception to the statute of limitations articulated in *Souter* does not warrant equitable tolling in the present case, we turn to Harvey's argument for equitable tolling based on the five factors outlined in *Dunlap v. United States*. In determining

whether a petitioner for a writ of habeas corpus is entitled to equitable tolling, we consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. By satisfying the five *Dunlap* factors, a petitioner demonstrates good cause for the procedural default. *Souter*, 395 F.3d at 588. We have stated, however, that "[t]hese factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)).

Upon consideration of the *Dunlap* factors, we conclude that Harvey has failed to demonstrate that he is entitled to equitable tolling. Harvey first contends that he is entitled to equitable tolling because he was unaware that AEDPA's statutory period applied to his case. This argument is without merit because ignorance of the law, even for an incarcerated *pro se* petitioner, "is not sufficient to warrant equitable tolling." *Allen*, 366 F.3d at 403 (citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *Warren v. Lewis*, 365 F.3d 529, 532 n.2 (6th Cir. 2004). Neither is a petitioner's unfamiliarity with the legal process nor his lack of education. *See, e.g., Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Harvey also asserts that he is entitled to equitable tolling because he mistakenly believed that the one-year limitations period does not commence until after both direct review and post-conviction review have been exhausted. Harvey argues that this mistake was reasonable given the numerous district courts holding that the one-year statute of limitations imposed by § 2244(d)(1) does not commence until the conclusion of state post-conviction proceedings. *See Erdman v. Tessmer*, 69 F. Supp. 2d 955, 959 n.4 (E.D. Mich. 1999); *Martin v. Jones*, 969 F. Supp. 1058, 1061 (M.D. Tenn. 1997); *Valentine v. Senkowski*, 966 F. Supp. 239, 241 (S.D.N.Y. 1997); *Parisi v. Cooper*, 961 F. Supp. 1247, 1248-49 (N.D. Ill. 1997). Harvey's argument is without merit since "even reasonable mistakes of law are not a basis for equitable tolling." *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004). Moreover, Harvey could not have reasonably remained ignorant of the date on which the statute of limitations commences until 2003 because our decision in *Payton v. Brigano*, 256 F.3d 405 (6th Cir. 2001), informed Harvey that the limitations period begins to run upon conclusion of direct review. Harvey, in other words, had constructive knowledge that the one-year statute of limitations begins to run from the conclusion of direct review through a published opinion of this Court. *See also McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003). In light of the *Dunlap* factors, Harvey has not met his burden to demonstrate entitlement to equitable tolling of the statute of limitations.

### III. Conclusion

For all of the reasons set forth above, we AFFIRM the judgment of the district court.