**Earl J. ANDERSON,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 88–4377.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 22, 1989 *.

Decided March 19, 1990.

Earl J. Anderson, Safford, Ariz., pro se.

Sally R. Gustafson, Asst. U.S. Atty., Seattle, Wash., for respondent-appellee.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before BROWNING, KOZINSKI and RYMER, Circuit Judges.

## PER CURIAM:

Earl J. Anderson, a federal prisoner, appeals pro se the district court's order denying his petition for habeas under 28 U.S.C. § 2241. For the reasons below, we affirm the district court's judgment in its entirety.

### I

Petitioner was paroled on November 11, 1984, from a five-year federal sentence for larceny. While on parole, Washington officials arrested him for violating the laws of that state. As a result, a federal parole violator warrant for his arrest was issued on February 10, 1987, with a request from the United States Parole Commission (USPC) that it be lodged as a detainer.

After a jury verdict of guilty to one count of burglary in state court, the court sentenced petitioner on August 10, 1987, to a term of 22 months. He was released by state authorities on May 30, 1988, and the federal warrant was executed against petitioner the following day. On June 9, 1988, the USPC ordered that petitioner be scheduled for an in-person institutional parole revocation hearing. The USPC promptly mailed petitioner a notice that it had completed a dispositional review of his detainer and that it had decided to leave the detainer in place.

Federal officials subsequently transferred petitioner from the State of Washington to the Federal Correctional Institution at Safford, Arizona. Because his transfer occurred before his parole revocation hearing was due, he was afforded a hearing in the District of Arizona and his parole was revoked.

### II

■ 1. Petitioner first contends that his federal sentence expired on November 16, 1987, when he was serving his state sentence in Washington. This contention is

without merit; the issuance of the parole violator warrant tolled the running of his federal sentence. See 28 C.F.R. § 2.44(d) (1988).

■ 2. Petitioner next contends, also without merit, that the USPC denied him due process after the parole violator warrant was lodged as a detainer. The USPC properly notified petitioner of his rights and the possible consequences of the parole revocation proceedings; the back of the warrant application sent to petitioner clearly set forth his rights throughout the proceedings, including his right to an attorney and to present documentary evidence and witnesses at any hearing. See 18 U.S.C. § 4213(c)(3) (1982), repealed Pub.L. No. 98–473, Title II, § 218(a)(5), 235, 98 Stat. 2027, 2031 (1984).[1] See also Morrissey v. Brewer, 408 U.S. 471, 486–89, 92 S.Ct. 2593, 2602–04, 33 L.Ed.2d 484 (1972). More importantly, it explicitly warned him that he could lose credit for time spent on parole, also known as "street time." Compare Raines v. United States Parole Comm'n, 829 F.2d 840, 842–43 (9th Cir.1987). Finally, petitioner's state conviction constituted probable cause for retaking him into federal custody. See 28 C.F.R. § 2.48(f) (1988). Thus, he was not entitled to a preliminary interview before the execution of the parole violator warrant.

■ 3. Petitioner also claims that the USPC failed to conduct a timely review of the detainer's placement as required by 18 U.S.C. § 4214(b)(1). The district court properly dismissed this claim as moot. Absent prejudice or bad faith, the only remedy for a default by the Commission is a writ of mandamus to compel compliance with the statute. Carlton v. Keohane, 691 F.2d 992, 993 (11th Cir.1982); see also Vargas v. United States Parole Comm'n, 865 F.2d 191, 193–94 (9th Cir.1988). Because the USPC has since conducted a review, no relief is available to petitioner.

■ 4. Petitioner raised a number of claims relating to his custodial status in the

---

**1.** Repeal of 18 U.S.C. § 4213(c)(3) does not affect this case. See Pub.L. No. 98–473, Title II, § 218(a)(5), 98 Stat. 2027 (1984).

State of Arizona. The district court properly dismissed these claims for lack of jurisdiction. *See Hassain v. Johnson*, 790 F.2d 1420 (9th Cir.1986), *cert. denied*, 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984). Petitioner contends, however, that the court should have transferred these claims to the district court in Arizona, rather than dismissing them outright. We review the district court's decision not to transfer an action for abuse of discretion. *See* 28 U.S.C. § 1404(a) (1982); *England v. ITT Thompson Indus.*, 856 F.2d 1518, 1520 (11th Cir. 1988). Here, we find no error in the court's refusal to transfer any portion of petitioner's habeas action.

5. Finally, petitioner contends that the district court erred in denying his habeas petition without an evidentiary hearing. However, because the record conclusively shows that petitioner is not entitled to habeas corpus under 28 U.S.C. § 2241, no evidentiary hearing was required. *See Spikes v. United States*, 633 F.2d 144, 145 (9th Cir.1980), *cert. denied*, 450 U.S. 934, 101 S.Ct. 1399, 67 L.Ed.2d 369 (1981).