908 F.2d 977
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Terry SAVAGE-EL, aka Terry Savage, Petitioner-Appellant,
v.
R.H. RISON, Warden, Respondent-Appellee.
 No. 89-55796.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1990.*
Decided July 24, 1990.
 Before WRIGHT, FARRIS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry E. Savage-El appeals pro se the district court's denial of his 28 U.S.C. Sec. 2241 habeas petition. We affirm.
 
 FACTS
 
 3
 Savage-El was sentenced in federal court to two consecutive terms of imprisonment: fifteen years for bank robbery and assault, and life imprisonment for first degree murder. While still owing time on his federal sentence, he was transferred to Missouri state custody for concurrent service of an outstanding state sentence. The federal authorities failed to lodge a detainer with the Missouri Department of Corrections. Thus, in June 1986, when Savage-El had completed serving his state sentence, he was unconditionally released.
 
 
 4
 Savage-El remained at liberty until he was arrested in November 1987 for possession of a firearm by a person convicted of at least three violent felonies. He was sentenced in federal court to an additional 180 months, with the sentence to run consecutive to his prior life sentence.
 
 DISCUSSION
 
 5
 Savage-El takes the position that the federal government waived the remainder of his federal sentence when it failed to lodge a detainer with Missouri. He also claims the district court erred in denying Savage-El's petition without a hearing.
 
 
 6
 Savage-El's claims fail. The federal government did not waive the remainder of the sentence when it failed to lodge the detainer. Green v. Christiansen, 732 F.2d 1397, 1399 (9th Cir.1984) (convicted person will not be excused from serving sentence if error is nothing more than simple neglect such as failure to place a detainer). Because the record conclusively showed that Savage-El was not entitled to relief, the district court properly denied the petition without an evidentiary hearing. Anderson v. United States, 898 F.2d 751, 753 (9th Cir.1990).
 
 AFFIRMED
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3