98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Edward PRATT, Petitioner-Appellant
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-56757.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Edward Pratt, a federal prisoner, appeals pro se the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2241.[1] Pratt contends that: 1) the district court erroneously denied his petition without making findings or conclusions; 2) the United States Parole Commission ("Commission") lacked authority, after revoking Pratt's parole, to impose the unexpired term from his 1978 conviction consecutively to an unrelated federal sentence; 3) the parole violation warrant was executed in January 1988, thus affecting when the parole revocation term begins and the computation of good-time credits; 4) Pratt had a reasonable expectation in concurrent sentences; 5) the Commission failed to consider evidence of rehabilitation in 1993 when it refused to parole Pratt; 6) the district court erred by failing to hold an evidentiary hearing; and 7) the district court failed to allow expansion of the record. We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and affirm.
 
 BACKGROUND
 
 3
 Pratt was convicted in federal court of bank robbery in 1977. He was paroled in 1983. In 1984 a parole violation warrant ("warrant") was issued against Pratt. That same year he was convicted in state court of armed robbery. The warrant was filed as a detainer in state prison against Pratt. In 1986, while serving the state sentence, Pratt was convicted in federal court of bank robbery. The district court imposed the federal sentence concurrently with the sentence Pratt "is now serving." The warrant was updated to include the federal and state convictions.
 
 
 4
 In 1988, after Pratt was released into federal custody from state prison, the Commission revoked Pratt's parole on the 1978 conviction. The Commission ordered that Pratt receive no credit for time served on parole. The Commission also ordered that the unexpired term of Pratt's 1978 sentence commence after his release from the 1986 sentence. The Commission held interim hearings in 1990 and 1991 and recommended no change in the parole violation term. In 1993 a Commission hearing panel recommended that Pratt receive parole from his 1986 sentence, but the Commission's Regional Commissioner rejected the recommendation and ordered Pratt to serve his 1986 sentence until expiration.
 
 ANALYSIS
 
 5
 The district court is not required to make explicit findings of fact or conclusions of law. See 28 U.S.C. § 2243 ("court shall summarily hear and determine the facts, and dispose of the matter as law and justice require"); cf. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990) (district court may summarily dismiss 28 U.S.C. § 2254 habeas corpus petition where no claim for relief is stated). In any case, we determine that Pratt fails to state any claim for relief under a de novo standard of review. See Rizzo v. Armstrong, 921 F.2d 855, 858 (9th Cir.1990). Thus, the district court's failure to make findings or conclusions results in no prejudice to Pratt.
 
 
 6
 Pratt's claim that the sentence imposed in 1986 was concurrent with his parole violation term fails. The district court judgment stated that the 1986 federal sentence was concurrent with the sentence Pratt was then serving. The only sentence Pratt was serving was the state sentence for armed robbery. The issuance of the parole violator warrant in 1984 tolled the running of the 1978 sentence. See Anderson v. United States, 898 F.2d 751, 752 (9th Cir.1990) (per curiam).
 
 
 7
 Similarly, there is no merit to Pratt's claim that the Commission lacked authority to impose the parole violation term consecutively to the 1986 sentence. The Commission has the discretion to impose the remaining unexpired term from the 1978 conviction consecutively to the 1986 sentence. See Rizzo, 921 F.2d at 860-61.
 
 
 8
 Pratt's claims concerning the date that the warrant was executed fails. Pratt provides no proof to support his bald assertion that the warrant has been executed. Indeed, Pratt submitted documents in the district court showing that the warrant has not been executed. Thus, his unexpired parole term has not yet begun and, he is not entitled to good-time credits on the parole violation term until he begins serving it. See 28 C.F.R. § 2.52(c) (1988).
 
 
 9
 Pratt claims he had a reasonable expectation that the parole violator term and the 1986 sentence would be served concurrently, and thus that he would receive good-time credits on the concurrent sentences. Pratt does not indicate how this expectation impinges on any constitutional or statutory right. See Wallace v. Christensen, 802 F.2d 1539, 1551-52 (9th Cir.1986) (en banc) (habeas jurisdiction limited to whether Commission violates Constitution or exceeds statutory authority).
 
 
 10
 Pratt erroneously contends that the 1993 decision of the Commission's Regional Commissioner to reject the hearing panel's recommendation of parole violated his due process rights. The Commission followed its regulations by denying parole, and thus did not exceed its statutory authority. See id. The Commission's decision to deny parole is beyond judicial review unless the decision was so arbitrary as to violate due process. See id. at 1552. Here, the Commission considered Pratt's adjustment to prison and his accomplishments, but decided that parole was not warranted because of his past and present crimes. The decision was not arbitrary. See id.
 
 
 11
 Because the record conclusively shows that Pratt was not entitled to relief, no evidentiary hearing was required. See Anderson, 898 F.2d at 753. Similarly, we find no abuse of discretion in the district court's refusal to permit discovery or expansion of the record regarding when the warrant was executed. Cf. Christian v. Rhode, 41 F.3d 461, 470 (9th Cir.1994).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Pratt designated his filing as a motion under 28 U.S.C. § 2255, we construe it as a 28 U.S.C. § 2241 habeas corpus petition, because he challenges decisions of the Parole Commission. See Tyler v. United States, 929 F.2d 451, 453 n. 5 (9th Cir.1991)