**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 14 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CELAFOI DOLY,

   Petitioner - Appellant,

  v.

PAUL COPENHAVER,

   Respondent - Appellee.

No. 15-15779

D.C. No. 1:14-cv-00522-LJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 9, 2015[**]

Before:   WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

  Federal prisoner Celafoi Doly appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas petition challenging a prison

disciplinary hearing. We have jurisdiction under 28 U.S.C. § 1291. We review

the denial of a section 2241 petition de novo, *see Tablada v. Thomas*, 533 F.3d

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

800, 805 (9th Cir. 2008), and we affirm.

Doly contends that the district court erred by failing to hold an evidentiary hearing to determine whether two inmate affidavits, presented for the first time in the district court, established that he did not commit the charged offense.   Even considering these affidavits, the record reflects that Doly's disciplinary hearing comported with due process and "some evidence" supports the disciplinary officer's findings.   *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974) (setting forth due process requirements for prison disciplinary proceedings).   Because the record conclusively shows that Doly was not entitled to relief under section 2241, no evidentiary hearing was required.   *See Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990).

**AFFIRMED.**