**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID KENT FITCH, a.k.a. David Lee Krause, a.k.a. Daniel Joseph O'Hare, <br><br>          Petitioner-Appellant, <br><br>    v. <br><br> CALVIN JOHNSON, <br><br>          Respondent-Appellee. | No.   17-55658 <br><br> D.C. No. 5:16-cv-01227-DOC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Federal prisoner David Kent Fitch appeals pro se from the district court's

denial of his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

Fitch contends that he is entitled to credit against his current sentence for the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

time spent in custody from February 8, 2000, through February 22, 2007. According to Fitch, he is entitled to this sentencing credit under *Zavala v. Ives*, 785 F.3d 367 (9th Cir. 2015), and Bureau of Prisons ("BOP") policy statements, and because his first sentence had not been discharged when his current sentence was imposed. Reviewing de novo, *see id.* at 370, we conclude that the district court did not err in denying Fitch relief.

The time that Fitch seeks to apply to his current sentence was credited towards an earlier sentence, and therefore he is not entitled to any additional credit. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992). *Zavala* does not compel a contrary result. The record shows that Fitch's first sentence was discharged by the time the district court imposed the current sentence, and therefore his current sentence cannot run concurrently to his first sentence. *See* 18 U.S.C. § 3584(a). Finally, any alleged non-compliance with BOP policy statements cannot support section 2241 relief. *See Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011).

The district court did not abuse its discretion by declining to consider arguments as to the timing of the prosecutions that Fitch raised for the first time in his objections to the magistrate judge's report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002). In addition, because the record conclusively shows that Fitch was not entitled to relief under section 2241, no

2

evidentiary hearing was required. *See Anderson v. United States*, 898 F.2d 751, 753 (9th Cir.1990).

Fitch's motion for release pending appeal is denied as moot.

**AFFIRMED.**

17-55658