**NOT FOR PUBLICATION**

FILED

MAR 26 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

VICTOR CHARLES FOURSTAR, Jr.,

            Petitioner-Appellant,

v.

PAUL COPENHAVER,

            Respondent-Appellee.

No. 16-16290

D.C. No. 1:14-cv-01456-SKO

**MEMORANDUM**[*]

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Argued and Submitted March 15, 2019
San Francisco, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

    Victor Fourstar, Jr. appeals the district court's denial of his 28 U.S.C. § 2241

habeas corpus petition.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We

affirm the district court.

_____

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review de novo the district court's decision denying Fourstar's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. *Wilson v. Belleque*, 554 F.3d 816, 828 (9th Cir. 2009). Fourstar argues his right to due process was violated during a prison disciplinary hearing because he was not permitted to present a witness. Procedural due process requires that an inmate have an opportunity to present witnesses at a disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 566–67 (1974). However, a disciplinary hearing officer may exclude a witness's testimony if that testimony is irrelevant. *See id*. Here, the requested witness's testimony concerned a subsequent alleged assault and was not relevant to the issue before the disciplinary hearing officer, a fight that occurred earlier that day. During the habeas proceedings, Fourstar submitted an unsworn "affidavit" stating that the witness saw the first attack, but he does not claim that the disciplinary hearing officer was aware of this. We hold that Fourstar's right to procedural due process was not violated.

Fourstar argues the district court abused its discretion by denying him the right to an evidentiary hearing. The district court did not abuse its discretion by declining to grant an evidentiary hearing because the record "conclusively shows that petitioner is not entitled to habeas corpus under 28 U.S.C. § 2241." *Anderson v. United States,* 898 F.2d 751, 753 (9th Cir. 1990).

2

**AFFIRMED.**[1]

---

[1]  We **GRANT** the motion to withdraw the related motion to consolidate appeals (Dkt. Entry No. 78) and **DENY** Fourstar's motion to consolidate (Dkt. Entry No. 77) as moot.