NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GINO CARLUCCI, AKA Gene David Odice,<br><br>Petitioner-Appellant,<br><br>v.<br><br>BARBARA VON BLANCKENSEE,<br><br>Respondent-Appellee. | No. 19-15815<br><br>D.C. No. 4:18-cv-00051-RM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted November 18, 2019**

Before:      CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Federal prisoner Gino Carlucci appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus. We

have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of a section

2241 petition de novo, *see Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2011), and we affirm.

Carlucci challenges a prison disciplinary proceeding in which he was sanctioned with the disallowance of good conduct time after he was found to have committed the prohibited acts of circumventing mail monitoring procedures and accepting money without staff authorization. He contends that the disciplinary hearing officer was not impartial and that there was insufficient evidence to support the officer's findings. The record does not reflect that Carlucci was denied an impartial decision maker but, rather, that the disciplinary proceedings complied with all procedural due process requirements. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (unfavorable or adverse rulings alone are insufficient to show bias unless they reflect such extreme favoritism or antagonism that the exercise of fair judgment is precluded); *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974). The record further shows that "some evidence" supported the hearing officer's findings. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Moreover, contrary to Carlucci's contention, the district court did not err by denying his petition without an evidentiary hearing because the record conclusively shows that Carlucci is not entitled to relief under section 2241. *See Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990).

**AFFIRMED.**