NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOBBY MARTIN,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>UNITED STATES OF<br>AMERICA; BRYAN BIRKHOLZ, FCI<br>Warden,<br><br>        Respondents - Appellees. | No. 23-4037<br><br>D.C. No. 2:22-cv-09151-AB-SHK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
André Birotte Jr., District Judge, Presiding

Submitted June 10, 2025[**]

Before: SILVERMAN, GRABER, and N.R. SMITH, Circuit Judges.

Petitioner Bobby Martin appeals pro se from the denial of his 28 U.S.C.

§ 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Reviewing de novo, *Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), we affirm.

The Bureau of Prisons ("BOP") found that Petitioner had committed the prohibited act of possessing a cell phone and sanctioned him with loss of 41 days good-conduct time. In his § 2241 petition and on appeal, Petitioner contends that the BOP's failure to comply with its regulations and program statements resulted in a violation of his due process rights.

1. Petitioner first argues that he was not provided timely notice of the incident report, as required under 28 C.F.R. § 541.5(a), and that the delay in review by the Unit Disciplinary Committee ("UDC") violated 28 C.F.R. § 541.7 and Program Statement 5270.09. Any claim that the BOP violated its own program statements is not cognizable in a § 2241 habeas petition. *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). And Petitioner's claim that the BOP violated its regulations is not supported by the record. Section 541.5(a), which discusses the beginning of the prison discipline process, states that a prisoner "ordinarily" will be notified of an incident report within 24 hours. 28 C.F.R. § 541.5(a). Similarly, section 541.7 provides that the UDC "ordinarily" will review the incident report within five work days. *Id.* § 541.7(c). Because those time frames are not mandatory, Petitioner has not established a violation of either regulation. Consistent with due process, Petitioner received written notice at least 24 hours

before the disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 563–64 (1974) (discussing due process rights in prison disciplinary proceedings). Nor was Petitioner prejudiced; he had adequate time to prepare a defense.

2. Petitioner next contends that the BOP's investigation was inadequate, because the BOP did not preserve video surveillance evidence, and that he was denied the opportunity to present evidence at his disciplinary hearing. Initially, Petitioner relies in part on outdated regulations, as well as on BOP program statements that cannot support habeas relief. Moreover, we agree with the district court that Petitioner's video surveillance argument is not cognizable because he raised it for the first time in his reply brief in the district court. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("Habeas claims that are not raised before the district court in the petition are not cognizable on appeal."). The record also reflects that, consistent with *Wolff*, 418 U.S. at 566, Petitioner was afforded the opportunity to call witnesses and present evidence at his hearing, but he declined to do so.

3. According to the Disciplinary Hearing Officer's report, finding that Petitioner committed the violation, Petitioner admitted at the hearing that the phone belonged to him. Petitioner contends that this is false and that he did not admit guilt. He further contends that there was insufficient, reliable evidence to support the disciplinary action. Even assuming that Petitioner did not admit guilt,

there is "some evidence" in the record to support the disciplinary decision. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) ("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits."). In addition to relying on Petitioner's admission of guilt at the hearing, the decision rested on eyewitness accounts of the incident, photographs, and the written report. *See id.* at 455–56 ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

4. Given our conclusion that Petitioner failed to show any violation of due process or BOP regulations, we reject his argument that he was prejudiced by the cumulative effect of the BOP's alleged errors.

5. Finally, Petitioner's claims of judicial bias by the Magistrate Judge are unsupported by the record. S*ee Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). The district court did not err by denying an evidentiary hearing because "the record conclusively shows that [Petitioner] was not entitled to habeas corpus." *Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990) (per curiam).

6.  We do not consider matters not specifically and distinctly raised and argued in the opening brief. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

23-4037