NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH RANDOLPH MAYS,

           Petitioner - Appellant,

  v.

J. DOERER, Warden,

           Respondent - Appellee.

No. 24-5903

D.C. No. 2:23-cv-03427-SVW-PVC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 18, 2025**

Before:    CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

    Federal prisoner Joseph Randoph Mays appeals pro se from the denial of his

28 U.S.C. § 2241 habeas corpus petition, which challenged prison disciplinary

proceedings that resulted in the loss of good conduct time. We have jurisdiction

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. Reviewing de novo, *see Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), we affirm.

Mays contends that the Bureau of Prisons ("BOP") denied him procedural due process because neither the Unit Disciplinary Committee ("UDC") Chairman nor the Disciplinary Hearing Officer ("DHO") were impartial decisionmakers, the staff representative assigned to him for the DHO Hearing did not advise him of or fulfill her responsibilities, and the BOP wrongly denied his request to review video surveillance footage taken in the three weeks prior to the incident.

The record does not support Mays' claims that the UDC Chairman and DHO were biased. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, Mays's allegations relating to his staff representative fail to show violations of either BOP regulations, *see* 28 C.F.R. § 541.8(d), or due process, *see Wolff v. McDonnell*, 418 U.S. 539, 564-69 (1974).[1] Finally, although the BOP denied Mays' request to review three weeks of video surveillance footage, it permitted his staff representative to review thirteen hours of footage from the day of the incident. On this record, we conclude that Mays's constitutional due process rights were not violated. *See Melnik v. Dzurenda*, 14 F.4th 981, 986 (9th Cir. 2021) (a prisoner's right to review evidence for a disciplinary hearing may be constrained by a

---

[1] Insofar as Mays relies on BOP Program Statements, his allegations are not cognizable in a § 2241 petition. *See Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011).

"legitimate penological reason").

Contrary to Mays's remaining arguments, the district court did not err by denying Mays's petition without an evidentiary hearing because "the record conclusively shows that [Mays] was not entitled to habeas corpus." *Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990). The district judge also conducted the proper de novo review of the magistrate judge's report and recommendation and was not required to provide an individualized analysis of each of Mays's objections. *See United States v. Ramos*, 65 F.4th 427, 433-34 (9th Cir. 2023).

Mays's motion to file a late reply brief is granted. The reply brief has been filed and considered.

Any remaining motions are denied.

**AFFIRMED.**