**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR CASTRO,<br><br>    Petitioner - Appellant,<br><br> v.<br><br>B. M. TRATE; UNITED STATES OF AMERICA,<br><br>    Respondents - Appellees. | No. 24-4576<br><br>D.C. No.<br>1:23-cv-00982-JLT-SAB<br><br>MEMORANDUM[*] |
| BRYAN ROBLEDO,<br><br>    Petitioner - Appellant,<br><br> v.<br><br>B. M. TRATE; UNITED STATES OF AMERICA,<br><br>    Respondents - Appellees. | No. 24-4579<br><br>D.C. No.<br>1:23-cv-00995-JLT-SAB |
| ROBERT MALDONADO,<br><br>    Petitioner - Appellant, | No. 24-4582<br><br>D.C. No.<br>1:23-cv-00993-JLT-SAB |

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

B. M. TRATE; UNITED STATES OF
AMERICA,

Respondents - Appellees.

| | |
|---|---|
| EDGARDO RODRIGUEZ, | No. 24-4586 |
| Petitioner - Appellant, | D.C. No. 1:23-cv-01008-JLT-SAB |
| v. | |
| B. M. TRATE; UNITED STATES OF AMERICA, | |
| Respondents - Appellees. | |

| | |
|---|---|
| ALEX YRIGOLLEN, | No. 24-4588 |
| Petitioner - Appellant, | D.C. No. 1:23-cv-00981-JLT-SAB |
| v. | |
| B. M. TRATE; UNITED STATES OF AMERICA, | |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

24-4576

Before: FRIEDLAND and SUNG, Circuit Judges, and PITTS, District Judge.[***]

Petitioners Salvador Castro, Bryan Robledo, Robert Maldonado, Edgardo Rodriguez, and Alex Yrigollen appeal the dismissal of their habeas corpus petitions. While serving indeterminate life sentences in California state prison, Petitioners were indicted on federal charges and transferred to the custody of the United States Bureau of Prisons ("BOP") under a writ of habeas corpus ad prosequendum. Petitioners each eventually pleaded guilty to participating in a racketeering conspiracy and at sentencing were ordered to remain in BOP custody to serve their federal sentences. Petitioners then filed habeas petitions under 18 U.S.C. § 2241, seeking transfer back to the custody of the California Department of Corrections and Rehabilitation ("CDCR"). The district court dismissed the petitions for failure to state a claim for habeas relief.

We review the dismissal of a habeas petition de novo. *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018). On appeal, Petitioners concede the validity of their federal sentences, but they argue that their continued federal custody violates the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable P. Casey Pitts, United States District Judge for the Northern District of California, sitting by designation.

primary-jurisdiction doctrine, that the transfer to federal custody impermissibly burdened their common-law and statutory rights without due process, and that the district court was required to hold an evidentiary hearing to determine which sovereign has primary jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

1.      The primary-jurisdiction doctrine exists to determine the "priority of custody and service of sentence between state and federal sovereigns," *Taylor v. Reno*, 164 F.3d 440, 444 n.1 (9th Cir. 1998), and establishes that the first sovereign to arrest a person "may give effect to its sentence before other sovereigns may do so." *Johnson*, 883 F.3d at 764-65. Based in comity, the doctrine does not create an individual right to serve the sentence of one sovereign before another. *Stamphill v. Johnston*, 136 F.2d 291, 292 (9th Cir. 1943) ("[T]he arrangement made between the two sovereigns, the state and federal governments, does not concern the defendant who has violated the laws of each sovereignty and he cannot in his own right demand priority for the judgment of either."); *Poland v. Stewart*, 117 F.3d 1094, 1097-98 (9th Cir. 1997) (recognizing that the decision to waive

---

[1]      Warden Trate also argues that Petitioners failed to exhaust their administrative remedies prior to filing suit. Because exhaustion under § 2241 is a prudential rather than jurisdictional limit, and because Petitioners' claims fail on the merits, we decline to reach the issue of exhaustion. *See Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

primary jurisdiction was fully committed to the discretion of the executive even when a federal term of imprisonment was dramatically altered by the execution of a prisoner pursuant to an intervening state sentence). As such, Petitioners may not rely on the primary-jurisdiction doctrine to challenge the order in which they serve their sentences.

2. Petitioners attempt to reframe their primary-jurisdiction argument in constitutional terms, arguing that their transfer to BOP custody was unconstitutional because it deprived them, without due process, of a common-law right to serve an uninterrupted sentence and of a state statutory right under California Penal Code § 2911. Even assuming that these rights are protected by the Due Process Clause and could be the basis for relief under § 2241, neither argument is meritorious.

First, the common-law right to serve an uninterrupted sentence, which our court has called the "doctrine of credit for time at liberty," is inapplicable. *See United States v. Martinez*, 837 F.2d 861, 865 (9th Cir. 1988) ("Traditionally, the doctrine of credit for time at liberty has only been applied where a convicted person has served some part of his sentence and then been erroneously released."). Petitioners' reliance on *Dunne v. Keohane*, 14 F.3d 335 (7th Cir. 1994), is unavailing. Unlike the circumstances described as violating the common-law rule in that case, Petitioners have not faced any manipulation of their prison sentences

by a strategic release and return to custody, nor has the end date accompanying their state prison term been postponed due to the imposition of their valid federal sentences.

Second, the state-law provision Petitioners invoke is not relevant to their situation. California Penal Code § 2911 authorizes CDCR to contract with the federal government to house state prisoners in federal penitentiaries, but it mandates prisoner consent to such housing. Cal. Penal Code. § 2911(a)-(c). As evidenced by its text and context, section 2911 applies only to state prisoners serving their *state* sentences in a federal penitentiary—not prisoners like Petitioners, who were transferred to serve separate *federal* sentences in federal custody. *See* 62 Cal. Att'y Gen. Op. No. 79-503 (1979) (stating that section 2911 allows CDCR to contract to "house *state inmates* in . . . federal facilities" (emphasis added)); *see also Mai v. Broomfield*, No. C097701, 2023 WL 8439482, at *7 n.9 (Cal. Ct. App. Dec. 5, 2023) ("[I]nmate transfers under [federal writs of habeas corpus ad testificandum and ad prosequendum] do not implicate section 2911, subdivision (c)'s consent requirement.").

3.     We review a district court's decision not to hold an evidentiary hearing for abuse of discretion. *Tapia v. Roe*, 189 F.3d 1052, 1056 (9th Cir. 1999). A hearing is not required where "the record conclusively shows that [a] petitioner is not entitled to habeas corpus." *Anderson v. United States*, 898 F.2d 751, 753

(9th Cir. 1990). Here, based on the pleadings and case law, the court could conclusively and correctly determine that Petitioners were not entitled to habeas corpus, so no hearing was required. Finally, the district court did not make any factual findings about where primary jurisdiction lies so we need not reach Petitioners' argument about purported evidentiary errors.

**AFFIRMED.**[2]

---

[2] Warden Trate's unopposed request for judicial notice, Dkt. #26, is granted. Petitioners' opposed request for judicial notice, Dkt. #36, which details unproven allegations without explaining their relevance to this appeal, is denied. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice of documents that were "not relevant to the resolution of [the] appeal").

24-4576