**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER WILLIAMS, | No. 25-5872 |
| Petitioner - Appellant, | |
| v. | D.C. No. 1:25-cv-00546-SKO |
| WARDEN, FCI Mendota, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Submitted May 26, 2026**

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Federal prisoner Christopher Williams appeals pro se from the district

court's order denying his petition for a writ of habeas corpus under 28 U.S.C.

§ 2241 challenging a prison disciplinary proceeding. We have jurisdiction under 28

U.S.C. § 1291. Reviewing de novo, *see Lane v. Salazar*, 911 F.3d 942, 947 (9th

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2018), we affirm.

Williams contends that his procedural due process rights were violated because he was not provided with the Disciplinary Hearing Officer's ("DHO") written report. The record, however, indicates that the DHO report was delivered to Williams seven days after his hearing and again during the administrative review process. Even if Williams did not timely receive the report, he has not established what "collateral consequences" or "fundamental constitutional rights may have been abridged" as a result. *See Wolff v. McDonnell*, 418 U.S. 539, 565 (1974). Williams thus has not demonstrated a constitutional violation. *Id.* at 563-67. Insofar as Williams contends the district court should have held an evidentiary hearing, we conclude that one was not required because "the record conclusively shows that [Williams] is not entitled to habeas corpus under 28 U.S.C. § 2241." *Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990).

We do not reach the issues Williams raises for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The motion to remand is denied.

**AFFIRMED.**